UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
3:12-cv-801-RJC

| | |
|---|---|
| GORDON NATHANIEL CULLINS, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | **ORDER** |
| ) | |
| TIM KERLEY, Administrator, Catawba ) | |
| Correctional Center,[1] ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Petitioner Gordon Cullins' 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, (Doc. No. 1).

**I.    BACKGROUND**

Pro se Petitioner Gordon Cullins is a prisoner of the State of North Carolina currently incarcerated at Catawba Correctional Center in Newton, North Carolina. On October 16, 2002, Petitioner pled guilty in Haywood County Superior Court to robbery with a dangerous weapon and to being a habitual felon. Petitioner was sentenced to 133 to 169 months in prison. Petitioner did not appeal.

On or about March 12, 2009, Petitioner filed a Motion for Appropriate Relief ("MAR") in Haywood County Superior Court, which motion was denied on March 20, 2009. See (Doc. No. 1-1 at 2). On March 30, 2009, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals, which petition the Court of Appeals denied on April 6, 2009. See (Doc. No. 1-1 at 1). Finally, Petitioner asserts that he filed a petition for writ of certiorari in the

---

[1] Petitioner named "A.G. Jones" as the Respondent, but the proper Respondent is Tim Kerley, current administrator of Catawba Correctional Facility.

1

North Carolina Supreme Court on April 14, 2009. He does not indicate when the North Carolina Supreme Court ruled on the petition, and he did not attach the petition or the court's order to his habeas petition.[2]

On November 29, 2012, Petitioner placed the instant § 2254 petition in the prison mailing system, and it was stamp-filed in this Court on December 3, 2012. Petitioner alleges as the sole ground for relief that the trial court erred in calculating his prior record level during his sentencing for being a habitual felon. (Doc. No. 1 at 5). More specifically, Petitioner contends that the trial court should have found that Petitioner had accumulated eight points and sentenced him as a prior record Level III offender, as opposed to finding that Petitioner had accumulated ten points and sentencing him as a prior record Level IV offender. (Id.).

**II.  STANDARD OF REVIEW**

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs habeas courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. After reviewing the record in this case, the Court finds that no response from the government is necessary.

**III.  DISCUSSION**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] The Court has conducted a search on Westlaw and finds no order by the North Carolina Supreme Court denying a petition for writ of certiorari filed by Petitioner on April 14, 2009.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Furthermore, for convictions that became final before the AEDPA's effective date, the limitations period began to run on April 24, 1996, the effective date of the Act. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Finally, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. See 28 U.S.C. § 2244(d)(2).

Here, Petitioner was convicted on October 16, 2002, and he did not appeal. His conviction therefore became final ten days later on October 26, 2002. See N.C. R. App. P. 4(a) (ten days to serve notice of appeal, later amended to give a fourteen-day period). Because Petitioner did not file the habeas petition until 2012, the petition is clearly time-barred under 28 U.S.C. § 2244(d)(1)(A). Furthermore, the filing of any motions after the one-year limitations period had already run did not revive the already expired one-year period of limitation. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (concluding that the § 2254 petition was "clearly time-barred," where the petitioner had moved for post-conviction relief in state court only after the time limitation had expired).

The Court further finds that, even if the petition were timely, it is still subject to dismissal on initial review on the merits. As noted, in Petitioner's sole ground for relief, he contends that the trial court should have found that Petitioner had accumulated eight points and sentenced him

3

as a prior record Level III offender, as opposed to finding that Petitioner had accumulated ten points and sentencing him as a prior record Level IV offender. He raised this claim in his state MAR, and the MAR Court denied it on the merits, stating:

> [T]he defendant had a total of ten points for the purpose of sentencing at the time [the] sentence [was] imposed. The court determines a total of ten points accumulated at the time of sentencing. Apparently the defendant is under the mistaken impression that simply because Defendant appeared before the court on different dates on several felonies that a mistake was made in determining the Defendant's number of points.

(Doc. No. 1-1 at 2). The Court went on to conclude as a matter of law that "the number of points Defendant had accumulated were appropriately determined and the sentence which defendant is now serving is an appropriate sentence." (Id.). Thus, the MAR Court found no error as a matter of state law regarding Petitioner's sentencing calculations.

Claims of alleged errors in state law, including alleged errors in sentencing calculations, are not cognizable on federal habeas review. As the Supreme Court recognized in Lewis v. Jeffers, a state court's alleged misapplication of its own sentencing factors cannot provide federal habeas relief:

> Because federal habeas corpus relief does not lie for errors of state law, ... federal habeas review of a state court's application of a constitutionally narrowed aggravating circumstance is limited, at most, to determining whether the state court's finding was so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation.

497 U.S. 764, 780 (1990) (internal quotations and citations omitted). Here, Petitioner has not

shown, or even alleged, in his sole ground for relief anything more than a state sentencing error. Petitioner has presented nothing in his petition to show that the state trial court's calculation of his points for the purpose of sentencing was "so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." Id. In sum, in addition to being dismissed as time-barred, the petition is dismissed on the merits for failing to state a claim that is cognizable on federal habeas review.

### IV. CONCLUSION

In sum, for the reasons stated herein, Petitioner's § 2254 petition is untimely and, in any event, is without merit. The petition will therefore be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2254 petition, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: June 10, 2013

Robert J. Conrad, Jr.
United States District Judge